**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **SCOTT EDWARD SATTLER, II** | § | |
| | § | |
| **V.** | § | **A-15-CV-690-RP** |
| | § | |
| **THE UNITED STATES OF AMERICA** | § | |

<u>**ORDER ON *IN FORMA PAUPERIS* STATUS AND**</u>
<u>**REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**</u>

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Scott Edward Sattler, II's ("Sattler") First Amended Complaint (Dkt. No. 4), in which he has embedded a Motion to Proceed *In Forma Pauperis*, and Motion to Appoint Counsel, and his Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. No. 5). The District Court referred the above motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Sattler filed his initial complaint on August 10, 2015. Dkt. No. 1. It, too, contained embedded Motions to Proceed *In Forma Pauperis* and to Appoint Counsel. However, as Sattler failed to give detailed information regarding his financial status, the undersigned ordered him to file this Court's standard Application to Proceed *In Forma Pauperis* by August 28, 2015. Dkt. No. 3. After reviewing Sattler's Application (Dkt. No. 5), the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Sattler *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C.

§ 1915(a)(1).  This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e).  Sattler is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases.  *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Sattler's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e).  Therefore, **service upon Defendant should be withheld** pending the District Court's review of the recommendations made in this report.  If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendant.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Sattler has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial."  *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  The court must "accept as true factual allegations in the complaint and all

reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Sattler's complaint is clear but frivolous. He asks the Court to:

(a)     Declare that every United States citizen is entitled to the equal protection of the laws under the courts of the United States without exception, compromise, or economic hardship to the parties of the courts or to the courts themselves, and that the historic and continued failure of the United States to provide this equal protection is unconstitutional.

(b)     Declare that neither poor nor disabled prospective plaintiffs of the courts of the United States shall be required to perform any of the functions of an attorney prior to being allowed to submit assistance or accommodation requests, and that any such exclusionary or discriminatory policy or practice is unconstitutional.

Dkt. No. 4 at 7. He also seeks an injunction "explicitly forbidding, and to enforce, all declarations" and "other and further relief as the Court deems just and proper." *Id*. Sattler has brought his complaint because, he says, at some point his "constitutional rights were violated by government

3

officials" and "out of retaliation, one or more crimes were committed against me by one or more Officials." *Id.* at 3. However, when Sattler attempted to file a suit regarding such violations he "experienced involuntary recurrent memories (*i.e.* "flashbacks") which acutely exacerbated existing disabling impairment to the point of rendering Plaintiff unable to function." *Id.* While Sattler has "made excessively diligent efforts to obtain counsel for both the underlying causes of action (resulting in the cause(s) herein) and cause(s) herein," including seeking out Texas Rio Grande Legal Aid, Inc., and the San Antonio Bar Association Lawyer Referral Service, no attorney has taken his case. *Id.* at 6. Sattler's essential argument is that because he has not been able to obtain legal counsel he has been denied access to the Courts. Accordingly, Sattler "requests an order allocating the funding required of Plaintiff's choice of well-qualified counsel" and the declarations stated above, presumably so that no one else will have to experience the same difficulties again.

"There is no automatic right to the appointment of counsel; and in a civil case a federal court has considerable discretion in determining whether to appoint counsel." *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990) (per curiam). The following three factors are generally balanced by the courts in determining whether to appoint an attorney: (1) the party's financial ability to retain private counsel, (2) the party's own efforts to secure counsel, and (3) the merits of the case. *Id.* at 580, *Maxwell v. Kight*, 974 F. Supp. 899, 902 n.2 (E.D. Tex. 1996). Courts have also considered a party's ability under the circumstances of the case to present the case without the assistance of an attorney. *Poindexter v. FBI*, 737 F.2d 1173, 1189 (D.C. Cir. 1984); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). In considering a motion for appointment of counsel, the court must also remain mindful of the unfairness of imposing involuntary servitude upon a member of the bar when the likelihood of success upon the claims appears slight. *Tatum v. Cmty.*

4

*Bank*, 866 F. Supp. 988, 995 (E.D. Tex. 1994).  Moreover, there are no federal funds allocated to the prosecution or defense of civil lawsuits.  For that reason, if the Court were to appoint an attorney, counsel would have to serve entirely without compensation unless the party prevails and attorney's fees are awarded.  The court considers all of these factors in exercising its discretion is resolving a request for appointed counsel in a civil case.

As he is indigent, Sattler is plainly unable to retain private counsel.  And, as noted, he has stated that he sought out legal aid organizations to take his case.  But while the nub of Sattler's complaint is that he cannot proceed with his *other* case—whatever it may be—without having counsel appointed, this case before *this* Court is plainly frivolous.  Nowhere in his complaint does Sattler state any cognizable case, controversy, or cause of action.  Federal courts have limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  Their subject matter jurisdiction extends only to cases arising under the Constitution, laws, or treaties of the United States, or controversies between parties of diverse citizenship.  U.S. Const. art. iii, § 2, 28 U.S.C. §§ 1331, 1332.  His first request, that the Court "declare that every United States citizen is entitled to the equal protection of the laws" evinces no case or controversy.  Indeed, it is not disputed that every United States citizen is entitled to the equal protection of the laws.  *See* U.S. Const. amend. XIV.  His second request—in essence that the Court appoint counsel for any prospective indigent plaintiff—is simply frivolous.  As noted, it is long settled that "there is no automatic right to the appointment of counsel." *Salmon*, *supra.,* at 1166.  Thus, rather circularly, as Sattler has failed to state any non-frivolous claim, both his motion for the appointment of counsel, and his complaint itself, should be dismissed.

### III.  ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Sattler *in forma pauperis* status.  Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report.  The undersigned **FURTHER RECOMMENDS** that the District Court **DENY** his Motion for Appointment of Counsel, and  **DISMISS** Sattler's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 10th day of September, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE